UNITED STATES of America, ex rel. Ingrid LAW, Plaintiff,

v.

Thomas G. SPURLOCK, et al., Defendants.

Civil Action No. 08–AR–1217–S.

United States District Court, N.D. Alabama, Southern Division.

Sept. 8, 2008.

Order Resolving Notice of Dismissal Sept. 17, 2008.

Order Amending Opinion Oct. 7, 2008.

Order Dismissing Action Oct. 14, 2008.

James Cliff Johnson, II, Pigott, Reeves, Johnson & Minor, PA, Jackson, MS, for Plaintiff.

Lloyd C. Peeples, III, U.S. Attorney's Office, Birmingham, AL, for United States.

*UNDER SEAL*

*MEMORANDUM OPINION AND ORDER OF SEPTEMBER 8, 2008*

WILLIAM M. ACKER, JR., District Judge.

The court has before it an ex parte motion filed by the United States of America ("the United States") on September 3, 2008, seeking an order extending the 60–

day deadline provided by 31 U.S.C. § 3730(b)(3) for it to intervene in the above-entitled False Claims Act case, and for a like extension of the time within which the case is to remain under seal. The requested extensions are from September 16, 2008, to January 30, 2009, a period of four and one-half months.

With its motion, the United States has submitted a form order that, if signed, would contain a finding by the court that "good cause" for the requested extensions has been established, and would further provide that the order "shall not prohibit the United States from seeking any further extension pursuant to 31 U.S.C. § 3730(b)(3)". If this court had the authority to grant the requested extensions, it could not, on what it has, find either that "good cause" for an extension has been demonstrated, or that further extensions, if requested by the United States, might be granted. The court has not been presented with anything that would justify an extension. The mere conclusory allegation that more time is needed to investigate the matter, and that discovery may be necessary to see if there is a basis for the *relator's* claims, does not justify an extension. The United States does not even share with the court any information the *relator* submitted to it.

■ The real issue is not whether this court would grant an extension if good cause had been shown, but whether 31 U.S.C. § 3730 permits any extension of the 60–day time limit for intervention unequivocally set by Congress. This court gives the words in § 3730(b)(2) and (3) their plain meaning, even though other courts, and this court in the past, have not done so. The pertinent clear language of the statute reads as follows:

(2) A copy of the complaint and written disclosure of substantially all materi-

al evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. **The complaint** shall be filed in camera, **shall remain under seal for at least 60 days,** and shall not be served on the defendant until the court so orders. **The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.**

(3) The Government may, for good cause shown, move the court for **extensions of the time during which the complaint remains under seal under paragraph (2).** Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

(emphasis supplied).

There is nothing in this language to suggest that the United States has a right to seek an extension of **the 60–day period within which it can intervene.** The meaning is so obvious that there is no call for an examination of legislative history. When fixing the time for the United States to elect whether or not to intervene in a *qui tam* action, Congress did not say "60 days, plus any extensions granted by the court for good cause". The possibility of an extension is only available to keeping the case under seal. The only reason this court can think of why courts have routinely signed the form order routinely submit-

ted by the United States purporting to extend the time for intervention is that there is never anybody to insist on the plain meaning of the statute. With the eager approval of the *relator,* and with no opposition from the unaware defendants, the United States has never faced the question this court now raises *sua sponte.*

By the plain meaning of this statute, if the United States intervenes within the limited period expressly provided by Congress, it can, of course, upon a showing of good cause, thereupon obtain an extension of **the time within which the case remains under seal.** If, however, it fails to intervene within the firmly fixed 60–day period after receiving the complaint and the *relator's* materials, the *relator* must proceed alone, and the complaint must be served forthwith on the defendants and the seal lifted. This procedure does not preclude the United States from seeking leave to intervene at a later date with *relator's* permission, as is clearly provided by 31 U.S.C. § 3730(c)(3), a provision that reinforces this court's reading of § 3730(b)(2) and (3), that is, if any reinforcement of the obvious were necessary.

Because there is no statutory basis for the granting of an extension of the 60–day period within which the United States must elect to intervene, the motion of the United States is respectfully DENIED. If **by September 16, 2008,** the United States intervenes, it can at that time ask for an extension of the time for the case to remain under seal, if it can show good cause for such an extension.

## MEMORANDUM OPINION AND ORDER OF SEPTEMBER 17, 2008

■ On September 16, 2008, the United States filed a notice of its election not to intervene in the above-entitled False Claim Act case. The notice requested that the case be unsealed and the complaint be served on defendants by the *relator,* as is contemplated by 31 U.S.C. § 3730(b)(2). The notice also requested, pursuant to 31 U.S.C. § 3730(c)(3), that the United States be served with copies of all subsequent pleadings and orders, and that it have access to copies of all deposition transcripts. Importantly, it pointed out that pursuant to 31 U.S.C. § 3730(b)(1) "the action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting".

On September 17, 2008, before this court could react to the election by the United States not to intervene, the *relator* filed a purported notice of dismissal without prejudice pursuant to Rule 41(a)(1)(i), F.R.Civ. P., asserting, *inter alia,* that "the United States does not object to this dismissal". This assertion is entirely inconsistent with the notice filed by the United States on September 16, 2008. Furthermore, the Attorney General has not given his "written consent" to a dismissal or given his reasons therefor, and this court declines to give its written consent to the purported dismissal. Under the circumstances, it is ORDERED as follows:

1. The *relator's* purported notice of dismissal without prejudice is STRICKEN.

2. The seal previously imposed upon the above-entitled action is hereby LIFTED.

3. **Within seven (7) calendar days,** *relator* shall initiate service upon defendants of the complaint, together with a summons and copies of all previous motions and orders, including this order.

4. Henceforward, unless and until the court orders otherwise, the parties shall

serve upon the United States all pleadings at the time they are filed, and the·Clerk shall serve upon the United States all court orders at the time they are entered.

5. Henceforward, unless and until the court orders otherwise, the parties shall make available to the United States, at the expense of the United States, copies of all transcripts of depositions taken.

## MEMORANDUM OPINION AND ORDER OF OCTOBER 7, 2008

In this opinion the court will not repeat what it has said in earlier opinions in the above-entitled case, except to provide the necessary background.

On September 17, 2008, after the time had expired for the United States to intervene, this court lifted the seal, struck the purported notice of dismissal without prejudice filed by *relator* pursuant to Rule 41(a)(1)(A)(i), F.R.Civ.P., and ordered her to initiate service on defendants within seven (7) calendar days. On September 23, 2008, *relator* filed another purported notice of dismissal, again pursuant to Rule 41(a)(1)(A)(i), and the United States simultaneously filed a notice of its consent to the dismissal, without stating any reason. On September 24, 2008, the court entered an order, *inter alia*, reminding *relator* of her obligation to initiate service of process. On the same day, September 24, 2008, the United States filed what it styled a "Notice of Basis for Dismissal", offering as the basis for its joinder in the dismissal the same thing it asserted as its basis for deciding not to intervene, namely, that it has not had time to complete an investigation of the allegations of the complaint. The notice terminated with the following statement:

The United States submits that a dismissal at this stage would serve the interest of judicial economy and prevent the defendants from incurring the costs associated with responding to the allegations in the Complaint.

*Relator* not having initiated service, the court on September 25, 2008, ordered *relator* to appear on October 3, 2008, and show cause if she could do so, why her action should not be dismissed for want of prosecution. Later that same day, the *relator* filed a response to the show cause order and ·a motion to reconsider the court's striking of her notice of dismissal.

On October 3, 2008, the court held the contemplated show cause hearing. Defendants were not present, no doubt because they were blissfully unaware that they were being sued for alleged fraud against the United States. *Relator* and the United States were both present by counsel. *Relator* admitted that she had not requested the Clerk to prepare or to issue a single summons. During the colloquy between the court and counsel, it became apparent to the court for the first time that *relator* is, in fact, requesting the court to consent to the dismissal of the action without prejudice. Alternatively, *relator* is saying that if the court will not consent to a dismissal, the court should at least recognize that pursuant to Rule 4(m), F.R.Civ.P., she has 120 days from the lifting of the seal within which to obtain service on defendants, or, in other words, that the court should revisit and revise its order of September 17, 2008, accordingly.

### *Should this Court Consent to a Dismissal Without Prejudice?*

■ Before any dismissal of a False Claims Act case, the written consent of the

Attorney General, with a reason stated, must be obtained, and also the consent of the court, with a reason stated. 31 U.S.C. § 3730(b). The court will travel on the shaky assumption that a written consent by the United States Attorney for the district in which a *qui tam* action is pending, qualifies as the required consent of the "Attorney General". The *qui tam* statute does not call for the consent of the "United States", but for the consent of the "Attorney General", who is an important official of the United States with specific responsibility. The words "Attorney General" nowhere appear in the notices of consent filed by the United States Attorney on behalf of the United States, and there is no showing that the Attorney General has ever delegated to the United States Attorney the authority to enter his consent to the dismissal of a *qui tam* action. The statute does not require that the Attorney General's consent be accompanied by a logical or persuasive reason. It only requires that a "reason" be stated. One reason here given by the Attorney General's purported surrogate, is that the Department of Justice has not completed its investigation of the matter. This is the same reason the United States gave for requesting an extension of time within which to intervene, a request that was denied. The other reason here given by the Attorney General's purported surrogate is that a dismissal without prejudice will "prevent the defendants from incurring costs associated with responding to the allegations...." These reasons may suffice as technical compliance with § 3730(b), but they are not reasons that this court could conscientiously adopt as reasons for giving consent. The court's consent is, of course, just as necessary as is the consent of the Attorney General. If after these defendants are served, they

decide to consent to a motion for dismissal without prejudice, the question presented will be different. Unless and until that happens, the court will assume that defendants prefer to face the music now and would like to get the charges being made against them disposed of without letting the controversy drag on for months or years, as many *qui tam* cases do.

Before filing her *qui tam* action, this *relator* presumptively knew that the United States might decline to intervene, and that she might have to proceed alone. She should have only one bite at inviting the United States to take over the burden of prosecution. She should have anticipated the very real possibility that the United States would not intervene and therefore that she would inherit the full responsibility for conducting discovery and ultimately trying the case on the merits. *Relator* admits in her motion for reconsideration that "she does not wish to proceed with her claims without the benefit of a thorough investigation by the Department of Justice and the legal support of the United States Attorney's Office." It is, of course, understandable that she prefer not to proceed without the help of United States, but a dismissal without prejudice should not provide a procedural substitute for the timely intervention of the United States.

Although *relator* at first insisted that she had the unconditional right to a dismissal without prejudice under Rule 41(a)(1)(A)(i) because the defendants have not been served, she now seemingly acknowledges that she needs this court's consent for an effective dismissal. Otherwise, she would not have obtained the consent of the United States. Whether she sought the consent of the Attorney General himself is not reflected in the record.

Despite *relator's* weak suggestion to the contrary, § 3730(b)(1) makes no distinction

between a dismissal without prejudice and a dismissal with prejudice. Either form of dismissal has two preconditions: (1) consent of the Attorney General, with a reason, and (2) consent of the court, with a reason.

Although the court thought it had already made itself clear on the subject, it redundantly declines to consent to the dismissal without prejudice jointly proposed by *relator* and the United States, and therefore STRIKES, as ineffectual, *relator's* second purported notice of dismissal and DENIES *relator's* motion for reconsideration insofar as it asks the court to change its mind on the earlier identical ruling.

### Does Relator have 120 Days within which to Serve Defendants?

■ If this court had not expressly ordered otherwise, Rule 4(m), F.R.Civ.P., arguably would give relator 120 days from the removal of the seal within which to serve defendants, and even more time if *relator* could show good cause for an extension. Rule 4(m) provides that failure to serve within 120 days can cause a dismissal **without prejudice,** the same result *relator* now seeks.

*Relator* argues that the Federal Rules of Civil Procedure, including Rule 4(m), apply in *qui tam* actions. *Qui tam* actions are unique, making some of the procedural rules problematic. If Rules 3 and 4 were applied literally in *qui tam* cases, and if the Advisory Committee Notes to Rule 3 were taken seriously in this context, the filing of a complaint **"is to be followed forthwith by issuance of a summons and its delivery to an officer for service"** (emphasis supplied). Because *relator's* original complaint was filed under seal, this routine procedure could not logically

be followed. But, when the seal was lifted, compliance with the **"forthwith"** instruction to obtain the issuance of a summons became operative. *Relator* still has not requested the issuance of a summons to any defendant.

More important than the Advisory Committee Notes on Rule 3 is the language of the False Claims Act itself, language that shapes or alters Rule 4(m), and that expressly provides the *qui tam* court with the authority to order service of process in less than 120 days. The controlling sentence provides that the complaint "shall not be served on the defendant **until the court so orders".** (emphasis supplied). 31 U.S.C. § 3730(b)(2). The statute does not say **"until the court so orders so long as relator is given at least 120 days".** If Rule 4(m) should be construed to override the requirement for the court's consent to the dismissal of a *qui tam* action and automatically to set the time for effecting service, the expiration of the 120 days could cause the very same dismissal without prejudice that the *relator* now seeks but has not obtained. Relator's tactic is apparent. She would like to get indirectly what she cannot get directly. If the court should recognize the Rule 4(m) service time, *relator* could and undoubtedly would deliberately wait 120 days, hoping that the United States will change its mind and assume full responsibility.

In *United States, ex rel. McNutt v. Haleyville Medical Supplies, Inc.,* CV–01–3156–J, a case over which the undersigned presided, and in which present counsel for *relator* was counsel for McNutt, this court mistakenly granted the United States an extension of the statutory sixty (60) days within which to intervene, and then said:

When the United States finally got around to notifying the court of its in-

tent to intervene, **the court should have entered an order establishing a specific and abbreviated deadline for the filing and serving of a complaint-in-intervention.** Under the circumstances, there was no reason to have given the United States 120 additional days to serve defendants.

(emphasis supplied).

Although no issue was raised about the court's above-quoted recognition that service of process should be initiated immediately after the seal is lifted in a *qui tam* case, the Eleventh Circuit affirmed this court's denial of defendants' motion to dismiss. See *United States, ex rel. McNutt v. Haleyville Medical Supplies, Inc.,* 423 F.3d 1256 (11th Cir.2005).

In *United States, ex rel. Jones v. Westwind Group, Inc.,* 417 F.Supp.2d 1246 (N.D.Ala.2006), this court dealt with a situation not dissimilar to the instant one. Both the *relator* and the United States had sought a dismissal without prejudice. After the United States filed a paper, as in the instant case, saying "that it is not intervening at this time", this court proceeded to deny *relator's* motion to dismiss without prejudice, that is, after reciting the predicate facts as follows:

> [O]n September 19, 2005, the court ordered the file unsealed and **ordered the relator to proceed with service on defendants,** not only of the summons, but of all previous orders and pleadings.

(emphasis supplied).

■ This court did not remain mute after unsealing the complaint in *Westwind* and did not simply wait for the *relator* to react to the unsealing. Instead, the court called for immediate movement toward a final resolution of the controversy. In de-

ciding whether to lend support to an obvious delaying tactic, the court not only must consider good docket management, but the issues of "due process" and fairness that inhere in a case like this. The *qui tam* statute does not require the court to give a reason for **not** consenting to a dismissal. It only requires that a reason be stated **if consent is given.** If this court were required to give its reasons for not consenting, this opinion would be longer.

Although there was no reason for *relator* to hope for relief from the order requiring her to initiate service within seven (7) calendar days, her promptly filed motion for reconsideration prompts this court, as a matter of fairness, to AMEND its order of September 17, 2008, so as to extend the deadline for *relator* to initiate service. Accordingly, *relator* shall **by 4:30 p.m., October 10, 2008,** prepare for the Clerk's signature summonses addressed to each defendant (except the 20 "John Doe" defendants, against whom a dismissal, whether with or without prejudice, would be meaningless), and shall **by 4:30 p.m., October 14, 2008,** initiate service by certified mail or by other authorized means for effecting service, on all said defendants. The service shall include not only the original complaint, but all subsequent pleadings and orders, including this one.

DONE this 7th day of October, 2008.

### *ORDER OF DISMISSAL OF OCTOBER 14, 2008*

■ *Relator,* Ingrid Law, not having initiated service of process on defendants, as the court expressly ordered her to do, and *relator* not having shown cause why her above-entitled action should not be dismissed for want of prosecution as the court warned would happen, the above-entitled

action is hereby DISMISSED FOR WANT OF PROSECUTION.

To the extent the Clerk can ascertain from the telephone book the addresses of the defendants, the defendants shall be mailed a copy of this order.

If the United States and/or prospective *qui tam relators* believe that the United States should have longer than the 60 days now provided by 31 U.S.C. § 3730 within which to intervene, they should look to Congress for help and not to the courts.

Costs are taxed against *relator.*